UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| UNITED STATES OF AMERICA | § | Claim No: 1998A15767 |
|---|---|---|
| | § | |
| vs. | § | |
| | § | |
| Yvonne M. Griffin | | |

## COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

The United States of America, plaintiff, alleges that:

### Jurisdiction

1. This Court has jurisdiction over the subject matter of this action pursuant to Article III, Section 2, U.S. Constitution and 28 U.S.C. § 1345.

### Venue

2. The defendant is a resident of Oakland County, Michigan within the jurisdiction of this Court and may be served with service of process at 28104 Pierce Street, Southfield, Michigan 48076.

### The Debt

3. The debt owed the USA is as follows:

| | |
|---|---:|
| A. Current Principal *(after application of all prior payments, credits, and offsets)* | $1,340.32 |
| B. Current Capitalized Interest Balance and Accrued Interest | $2,289.88 |
| C. Administrative Fee, Costs, Penalties | $0.00 |
| D. Credits previously applied *(Debtor payments, credits, and offsets)* | $0.00 |

  E. Attorneys fees                   $0.00

  **Total Owed**                    **$3,630.20**

The Certificate of Indebtedness, attached as Exhibit A", shows the total owed excluding attorney's fees and CIF charges. The principal balance and the interest balance shown on the Certificate of Indebtedness is correct as of the date of the Certificate of Indebtedness after application of all prior payments, credits, and offsets. Prejudgment interest accrues at the rate of 8.000% per annum.

### Failure to Pay

4. Demand has been made upon the defendant for payment of the indebtedness, and the defendant has neglected and refused to pay the same.

WHEREFORE, USA prays for judgment:

  A. For the sums set forth in paragraph 3 above, plus prejudgment interest through the date of judgment, all administrative costs allowed by law, and post-judgment interest pursuant to 28 U.S.C. § 1961 that interest on the judgment be at the legal rate until paid in full;

  B. For attorneys' fees to the extent allowed by law; and,

  C. For such other relief which the Court deems proper.

            Respectfully submitted,

         By: s/Charles J. Holzman (P35625)
            Holzman Corkery, PLLC
            Attorneys for Plaintiff
            Tamara Pearson (P56265)
            28366 Franklin Road
            Southfield, Michigan 48034
            (248) 352-4340
            usa@holzmanlaw.com

U.S. DEPARTMENT OF EDUCATION
SAN FRANCISCO, CALIFORNIA

CERTIFICATE OF INDEBTEDNESS

YVONNE M. GRIFFIN
AKA: YAVONNE MARIE GRIFFIN
18475 LANCASHIRE
DETROIT, MI. 48223

Total debt due United States as of 08/21/97 : $2,019.94

I certify that U.S. Department of Education records show that the debtor named above is indebted to the United States in the amount stated above, plus additional interest on the principal balance of $1,340.32 from 08/21/97 at the annual rate of 8.00 percent. Interest accrues on the principal amount of this debt at a rate of $ 0.29 per day.

The claim arose in connection with a Government insured or guaranteed loan made by a private lender and assigned to the United States.

On 08/26/86, the debtor executed promissory note(s) to secure the loan(s) from EMPIRE OF AMERICA, FSB, SOUTHFIELD, MI. under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C 1071 et seq. (34 C.F.R. Part 682). The holder demanded payment according to the terms of the note(s) and on 10/01/87 the debtor defaulted on the obligation.

Pursuant to 34 C.F.R. 682.202 and/or terms of the promissory note(s) the holder(s) capitalized interest accrued to the original lender in the amount of $ 87.77 thereby increasing the principal balance due to $ 1,340.32.

After application of the last voluntary payment of $100.00 which was received on 10/20/95 the debtor now owes the following :

| | |
|---|---|
| Principal: | $ 1,340.32 |
| Interest: | $ 679.62 |
| Administrative/ Collection Costs: | $ 0.00 |
| Penalties: | $ 0.00 |

CERTIFICATION: Pursuant to 28 U.S.C. Section 1746, I certify under penalty of perjury that the foregoing is true and correct.

8/28/97
(Date)

_____
Loan Analyst-Litigation Branch

FA-2514 9/03 ` 0 1 0 2 6 1 0 3 0 1 `

## MICHIGAN HIGHER EDUCATION ASSISTANCE AUTHORITY
## GUARANTEED STUDENT LOAN
### INTERIM NOTE

Date: 8-26-86

On _____February 1_____ 19 88 , or on such accelerated or extended maturity date as provided for herein, for value received the undersigned promises to pay to _____Empire of America FSB_____

hereinafter called the Holder or order the principal sum of $ 2260.00 together with interest thereon from the date of disbursement of this loan at the rate of 8.00 % per annum. The undersigned hereinafter called the Maker, shall pay such principal and interest at the office of the Holder _____24700 Northwestern Hwy., Southfield, MI 48075_____

or at such other place as the Holder hereof shall designate to the Maker in writing in lawful money of the United States of America.

| ANNUAL INTEREST RATE | COSTS OF LOAN |
|---|---|
| The cost of your credit as a yearly rate. | $ 28.25 Insurance Premium (1¼ per annum of loan amount) |
| Prior to repayment: 8.00 % | $ 24.30 Origination Fee 5.5% of loan amount) |
| During repayment: 8.00 % | $ 52.55 TOTAL COST  ybg |

### COMPLETE: MULTIPLE DISBURSEMENT ONLY

| Disbursement Schedule | Estimated Date of Disbursement | Loan Amount | Prepaid Finance Charge Insurance Premium | Prepaid Finance Charge Origination Fee | Amount Disbursed |
|---|---|---|---|---|---|
| First | 9-86 | 1130.00 | 15.07 | 62.15 | 1052.78 |
| Second | 11-86 | 1130.00 | 13.18 | 62.15 | 1054.67 |
| Third | | | | | |
| TOTALS | | 2260.00 | 28.25 | 124.30 | 2107.45 |

BEST COPY AVAILABLE AT TIME OF IMAGING

### ACKNOWLEDGEMENT

The Maker acknowledges having read and understood this Interim Note, including the above disclosure statement and the rights and responsibilities on the reverse side, and acknowledges receipt of an exact copy of this Note at the time of execution of the Note. Principal amount of the loan, plus interest if any, may be paid at maturity or prior to maturity at the option of the Maker by remitting payment in full or by arranging with the Holder of the Note a monthly repayment schedule. The repayment schedule shall call for an interest charge which does not exceed the interest charge on this Note and any consigner on this Note is equally liable during the repayment period.

The Maker acknowledges, if Maker and Holder agree, an installment repayment schedule may be executed calling for repayment to begin earlier than the maturity date of this Note and for payments which exceed the $600 minimum or five year minimum term. In instances of such agreement the grace period may not be restored; however, the Maker may at any time refinance this Note to the extent that the Maker may have a total Note term of at least five years but not more than ten years.

**Costs of Loan:** The Maker agrees to pay the Holder, in addition to interest and principal due, an amount equal to the premium that the Holder is required to pay to the Michigan Guaranteed Student Loan Program in order to have the Note covered by its insurance provisions, and such premium is immediately due and payable. The Maker further agrees to pay an Origination Fee, authorized by Federal Law. The amount of the Insurance Premium and the Origination Fee, calculated on the amount of the loan shall be paid at the time of the loan disbursement.

If the loan is disbursed in multiple installments, the amount of Insurance premium shall be calculated on the amount of loan disbursed to the Maker at each disbursement. The amount of the Origination Fee may at the Holder's option be calculated either on the full amount of the loan expected to be disbursed or on the amount of loan disbursed at each disbursement.

The Insurance Premium and the Origination Fee are refundable only if the loan check is returned to the Holder uncashed except if a loan is disbursed in multiple installments and the full amount of the Origination Fee is charged on the first installment, the prorated amount of the Origination Fee shall be refunded if subsequent installments are not made.

**Late Charge:** If the Holder presents the Maker with a repayment schedule upon maturity of this Note, the Maker agrees to pay a late charge on each installment delinquent for a period exceeding ten days in an amount not exceeding 5% of the installment payment or $5.00, whichever is less. This provision shall not be deemed to extend the note due date or to grant any period of grace.

**Acceleration:** The Maker agrees, (1) if he or she reduces his or her course of study to less than half time status or, (2) transfers to a school not participating under terms of the Michigan Guaranteed Student Loan Program, that the maturity date of this Note is accelerated. The accelerated maturity date on a 7% loan shall be not less than nine months nor more than twelve months after the date of the occurrence of either event of acceleration. The accelerated maturity date on a loan with an interest rate greater than 7% shall be six months after the date of the occurrence of either event of acceleration.

**Extension:** The Maker further agrees that if the expected completion of studies date changes during the period of this loan and that if a period of less than half time enrollment status at a participating school or non-attendance at any school or enrollment at a non-participating school does not exceed the maximum grace period, the maturity date of this Note may be extended. The new grace period for loans evidenced by a Note at a 7% rate of interest may not be less than nine months nor more than twelve months following the new completion of studies date. The new grace period for loans evidenced by a Note at a rate greater than 7% shall be six months following the new completion of studies date.

**Deferment:** Once the maturity date of this Note occurs, repayment is required to begin, unless the Maker is eligible and applies and receives a deferment of payments as authorized by Federal Law. Conditions and requirements for deferment are enumerated on the reverse side of this Note and are considered as part of this Note.

**Maker:** The Maker promises to (1) use the proceeds of the loan evidenced by this note solely to pay educational expenses attendant to his or her attendance at the participating school at which the Maker is accepted for enrollment or is already enrolled on this date and (2) send written notice to the Holder and to the Michigan Guaranteed Student Loan Program of any changes occurring in enrollment status, home address or the occurrence of any event which would cause the Holder to declare this note in default.

If the Maker dies or becomes permanently and totally disabled, the indebtedness shall be paid in full to the Holder by the Michigan Guaranteed Student Loan Program on behalf of the Maker. If the Maker shall default on this note by reason of delinquency, the unpaid balance shall, at the option of the Holder, become immediately due and payable without notice on demand and if the Holder shall incur any extra costs or expenses in connection with collections thereof, there shall additionally come due from the Maker all reasonable expenses and attorney fees and the Holder may take judgment for all such sums. In the event of default the Holder may report the default to a credit bureau. The Michigan Guaranteed Student Loan Program may refer this loan to a collection agency. If this loan is referred to a collection agency, subject to the Fair Debt Collections Practices Act, the Maker will be subject to payment of collection costs which do not exceed 25% of the unpaid principal and accrued interest.

The Maker acknowledges that he or she is legally obligated, under Section 8, Act No. 77, of the Public Acts of 1960, for the payment of the note even though he or she may be under eighteen (18) years of age. No delay on the part of the Holder or Guarantor hereof in exercising any of its options, powers, or rights or partial or single exercise thereof, shall constitute a waiver of any of such powers, options, or rights.

The borrower rights, as listed on the reverse side, pertain to this loan and are incorporated as part of this Note.

CO-SIGNER
SIGNATURE _____

MAKER
SIGNATURE _/s/ Yvonne M. Griffin_

TYPED NAME _____

TYPED NAME  Yvonne M. Griffin

ADDRESS _____

ADDRESS  8126 Badger

CITY _____ STATE _____ ZIP _____

CITY  Detroit  STATE  MI  ZIP  48213

SOCIAL SECURITY NO. [   ]-[   ]-[   ]

SOCIAL SECURITY NO. [   ]-[   ]-[   ]

### NOTE ENDORSEMENT BY MICHIGAN HIGHER EDUCATION ASSISTANCE AUTHORITY

The undersigned, as endorser, guarantees payment of 100 percent of the unpaid principal balance to the Holder in the event the Maker permits this note to become in default as defined by regulations of the Michigan Higher Education Assistance Authority. In the event of default, the Maker's obligation to the Holder is transferred to the Michigan Higher Education Assistance Authority.

GRIFFIN, YVONNE, M

MICHIGAN HIGHER EDUCATION ASSISTANCE AUTHORITY

I CERTIFY UNDER PENALTY OF
PERJURY THAT THIS IS A TRUE
AND EXACT COPY OF THE
ORIGINAL PROMISE      08/25/97
NAME                   DATE