UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 12-13927 |
| Plaintiff, | Stephen J. Murphy, III |
| v. | United States District Judge |
| YVONNE M. GRIFFIN, | Michael Hluchaniuk |
| | United States Magistrate Judge |
| Defendant. | |
| _____/ | |

**REPORT AND RECOMMENDATION**
**DEFAULT JUDGMENT AND**
**MOTION FOR SUMMARY JUDGMENT (Dkt. 6)**

**I.   PROCEDURAL HISTORY**

Plaintiff filed this action on September 5, 2012. (Dkt. 1). Shortly thereafter, this matter was referred to the undersigned for all pretrial proceedings. (Dkt. 5). Plaintiff filed a motion for summary judgment on October 26, 2012. (Dkt. 6). The Court issued an order requiring defendant to file a response by November 26, 2012. (Dkt. 8). The order specifically provided that "**[f]ailure to file a response may result in sanctions, including granting all or part of the relief requested by the moving party**." (Dkt. 8) (emphasis in original). The Court previously reviewed the docket and found no response had been filed. (Dkt. 9). The Court then issued a Show Cause Order, directing defendant to show cause in writing by January 18, 2013, why the undersigned should not recommend that a default be

entered against her for failure to file a response to plaintiff's motion for summary judgment. Alternatively, the Court allowed defendant until January 18, 2013 to file a response to the motion for summary judgment. (Dkt. 9). The Show Cause Order specifically warned that "**[f]ailure to timely or adequately respond in writing to this Order to Show Cause or timely file a response to the motion for summary judgment will result in a recommendation that the motion be granted or that a default be entered.**" (Dkt. 9) (emphasis in original). Defendant has neither filed a response to the Order to Show Cause nor a response to the motion for summary judgment.

For the reasons set forth below, the undersigned **RECOMMENDS** entry of default judgment against defendant, in an amount to be determined by the District Court and that all pending motions (Dkt. 6) be **TERMINATED** as moot.

## II. ANALYSIS AND CONCLUSION

As District Judge David M. Lawson observed in *Dell, Inc. v. Advicon Computer Services, Inc.*, 2007 WL 2021842, *5 (E.D. Mich. 2007), although Federal Rule of Civil Procedure 37(b)(2)(C) authorizes the Court to enter default judgment as a discovery sanction, there is no specific rule or statute that authorizes entry of default judgment based on a party's failure to obey court orders in general. Nevertheless, the *Dell v. Advicon* Court also observed that it is well-established that a federal court has the inherent authority to grant such relief when the

circumstances warrant as much. *Id.* citing *In re Sunshine Jr. Stores, Inc.*, 456 F.3d 1291, 1304-06 (11th Cir. 2006) (upholding entry of default judgment as proper use of court's inherent authority where party failed to respond to court orders, failed to appear before the court, and failed to engage in court-ordered discovery); *Thomas, Head, & Griesen Employees Trust v. Buster*, 95 F.3d 1449, 1457-59 (9th Cir. 1996) (upholding entry of default judgment based on inherent authority where party completely ignored the terms of an injunctive order and other court orders); *Shepherd v. American Broadcasting Cos., Inc.*, 62 F.3d 1469, 1472 (D.C. Cir. 1995) ("As old as the judiciary itself, the inherent power enables courts to protect their institutional integrity and to guard against abuses of the judicial process with contempt citations, fines, awards of attorneys' fees, and such other orders and sanctions as they find necessary, including even dismissals and default judgments."); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 47-50 (1991) (discussing the broad scope of a court's inherent authority). Consequently, the Court would not impose such a sanction absent "a clear record of delay or contumacious conduct" by the offending party and when "no alternate sanction would protect the integrity of the pre-trial proceedings." *Id.* at 608; *see also Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1073 (6th Cir. 1990) ("Just as '[d]ismissal of an action for failure to cooperate in discovery is a sanction of last resort that may be imposed only if the court concludes that a party's failure to cooperate in discovery is due to

willfulness, bad faith, or fault ...,' so, too, is entry of default judgment.").

And, while the Sixth Circuit has not specifically addressed the circumstances under which default judgment is appropriate for failure to abide by court orders, it has indicated that default judgment as a discovery sanction should be tested against the following four factors, which are the same as the factors used to analyze whether a Rule 41(b) dismissal is appropriate: (1) whether the conduct at issue was the result of willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the disobedient party's conduct; (3) whether the disobedient party was warned that failure to cooperate could lead to default judgment; and (4) whether less drastic sanctions were imposed or considered before entry of default judgment. *Dell v. Advicon*, at *5, citing *Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1073 (6th Cir. 1990). Just as Judge Lawson did in *Dell v. Advicon*, the undersigned will apply those same factors here.

In this case, the Court warned plaintiff multiple times in writing that either a default would enter against her or that defendant's motion for summary judgment would be granted if she failed to file a response to the motion and to the order to show cause. (Dkt. 8, 9). Thus, this factor weighs in favor of default. With respect to the first factor, similar to *White v. Bouchard*, 2008 WL 2216281, *5 (E.D. Mich. 2008), "it is not clear whether [defendant's] failure ... is due to willfulness, bad faith or fault." *Id*. Regardless, the Court does not expect plaintiff to either wait

indefinitely or continue to incur litigation expenses when it is clear that defendant has abandoned all defense of this matter. Thus, the first and second factors weigh in favor default. Finally, given plaintiff's failure to file responses as ordered and failure to respond to the order to show cause, the undersigned sees no utility in considering or imposing lesser sanctions. Thus, none of the factors weigh against default. Given the foregoing conclusions, the undersigned also recommends that all pending motions be terminated as moot.

### III. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** entry of default judgment against defendant, in an amount to be determined by the District Court and that all pending motions (Dkt. 6) be **TERMINATED** as moot.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of*

*Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: March 20, 2013                    s/Michael Hluchaniuk
                                        Michael Hluchaniuk
                                        United States Magistrate Judge

### CERTIFICATE OF SERVICE

I certify that on March 20, 2013, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: Charles Holzman, and I certify that I have mailed by United States Postal Service the foregoing pleading to the following non-ECF participant(s), at the following address(es): Yvonne M. Griffin, 28104 Pierce St, Southfield, MI 48076.

                                        s/Tammy Hallwood
                                        Case Manager
                                        (810) 341-7887
                                        tammy_hallwood@mied.uscourts.gov